```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
UNITED STATES OF AMERICA,

                -against-                      S1 04 Cr. 196 (DAB)
                                                      ORDER
DERRILYN NEEDHAM, LEROY BRATHWAITE,
ABDHUL ODIGE, JEAN YONEL, DONOVAN
FRANCIS and JOEY FIGUEROA,

                Defendants.
--------------------------------------X
```
DEBORAH A. BATTS, United States District Judge

Defendant Donovan Francis ("Francis") has moved to sever his trial from that of his Co-Defendants, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth Amendment of the United States Constitution. The Government opposes Francis' motion.

In addition, Defendants Jean Yonel's ("Yonel") and Leroy Brathwaite's ("Brathwaite") Motions to Sever have been reserved for judgment pending the Court's examination of redacted copies of videotaped interviews of Defendants Needham, Yonel, Odige and Brathwaite.  (See Order of Aug. 26, 2004).  The Court is in receipt of the redacted copies of Defendants' videotaped interviews, Defendant Yonel's response to the redacted statements and the Government's letter of July 20, 2005.

For the foregoing reasons, Defendant Francis' Motion to Sever is GRANTED and Defendants Yonel's and Brathwaite's Motions to Sever are DENIED.

## I.   BACKGROUND

On March 2, 2004, Defendants Derrilyn Needham, Leroy Brathwaite, Abdhul Odige and Jean Yonel were indicted by a federal grand jury on four counts.  Defendants were charged with the following: (1) conspiracy to seize, detain, and threaten to kill, injure and continue to detain another individual to induce a third party to pay ransom; (2) that they did seize, detain and threaten to kill, injure and to continue to detain another individual to induce ransom payment; (3) that Needham had used and carried a firearm in the commission of a crime of violence; and (4) that Brathwaite, Odige and Yonel had used, carried and brandished a firearm in the commission of a crime of violence. (Indictment ¶¶ 1-4.)  On March 15, 2005, a federal grand jury returned a superceding indictment adding an additional charge of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951.  Two additional defendants, Joey Figueroa and Donovan Francis were added to the new charge.

## II.   DISCUSSION

Defendants seeking severance have a difficult standard to meet.  As the Supreme Court has noted,

> [t]here is a preference in the federal system for
> joint trials of defendants who are indicted together.
> Joint trials 'play a vital role in the criminal

> justice system.'  They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts . . . .'
>
> . . . a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants . . . .  Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant . . . .
>
> When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.
>
> It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials.  Rule 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'

Zafiro v. United States, 506 U.S. 534, 537-40 (1993) (citations and internal quotations omitted); see also United States v. Cardascia, 951 F.2d 474, 482 (2d Cir. 1991) ("[T]he burden on a defendant to establish that severance was improperly denied is not an easy one to carry.  The defendant must establish prejudice so great as to deny him a fair trial.").

The district court enjoys broad discretion in determining whether to sever a criminal proceeding, see e.g., United States v. Locascio, 6 F.3d 924, 947 (2d Cir. 1993), and that decision is

3

"virtually unreviewable."  United States v. Lasanta, 978 F.2d 1300, 1306 (2d Cir. 1992).

    1.  Donovan Francis

Francis moves for severance pursuant to Fed. R. Crim. P. 14 and the Due Process Clause of the Fifth Amendment.  (Goltzer Aff. ¶ 3.)[1]  Francis contends that if he is jointly tried with Defendants Needham, Brathwaite, Odige and Yonel, who are also charged with kidnapping, he will be denied a fair trial within the meaning of the Due Process Clause of the Fifth Amendment.  Francis argues that he will suffer from spillover prejudice from the evidence of kidnapping, evidence that is not admissible against him.  Francis also argues severance is necessary because his defense is "absolutely antagonistic with that of the kidnapping defendants."  (Id. ¶ 13.)

Rule 14(a) of the Federal Rules of Criminal Procedure allows the Court to grant a severance if joinder "appears to prejudice a defendant or the government."  Fed. R. Crim. P. 14(a).  The Supreme Court has held that severance is warranted "only if there

---

[1] Defense counsel for Donovan and Figueroa filed a joint application for severance in order to spare the Court unduly repetitive litigation and because their clients are similarly situated.  (Goltzer Aff. ¶ 3.)  Defendant Figueroa, however, has withdrawn his Motion to Sever.

is serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). "[A] defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple length trials." United States v. Walker, 142 F.3d 103, 110 (2d Cir. 1998).

"Joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." United States v. Carson, 702 F.2d 351, 366-67 (2d Cir. 1983) (affirming court's denial of severance motion despite the fact that defendant played less prominent role in drug conspiracy charge). "[D]iffering levels of culpability and proof are inevitable in any multi-defendant trial, and standing alone, are insufficient grounds for separate trials." Carson, 702 F.2d at 366 (2d Cir. 1983). The fact that evidence may be admitted against one defendant but not another does not necessarily require the granting of a severance motion. Id. at 367 (citing United States v. Losado, 674 F.2d 167, 171-72 (2d Cir. 1981)). Moreover, "[t]he fact that one of several codefendants is tried for a crime not committed by another codefendant does not, without more, create the sort of miscarriage of justice that

would require a new trial." United States v. Hernandez, 85 F.3d 1023, 1029 (2d Cir. 1996).

Francis argues that the bulk of the evidence at trial concerning the kidnapping would be inadmissible in a trial where he is tried separately. Such proof would include testimony from the kidnapping victim, recordings of her pleas to her father to pay the ransom money, tape recordings of the ransom calls and the videotaped confessions of the kidnappers, as well as physical evidence from the vehicle allegedly used in the kidnapping including multiple firearms. (Glotzer Aff. ¶ 12.) This proof would be unduly prejudicial because of its "emotional and egregious" nature, so that "any jury could [not] objectively and dispassionately evaluate the proof of the much less inflammatory robbery conspiracy alleged." (Id. ¶ 14.)

The Government disagrees and argues that the initial abduction of the victim is entirely relevant to the Hobbs Act robbery charge. According to the Government, separate trials would result in an enormous duplication of efforts, as it would be required to call many of the same witnesses in both trials. The Government contends that Francis' concerns can be addressed by limiting instructions, a much less drastic remedy than severance.

The Government expects evidence to show that the victim was

dropped off at her home around 2:00 a.m. on January 3, 2004, by Francis, who had taken her on a date as a "ruse" to enable the other defendants to rob the victim and/or her father.  As she approached her front door, she was approached by "certain of the defendants, at least one of whom was armed with a handgun."  She was forced into a parked van and was hit in the face a number of times and told to shut up.  She was placed in the rear seat of the van, with her hands handcuffed behind her and tape placed over her eyes.  (Gov't.'s Mem. Law at 7.)  Certain of the defendants entered the home to search for drugs and drug money.  Unable to find any, they then left the home.  Certain of the Defendants, not including Francis or Figueroa, then decided to seek ransom money from the victim's father and took the victim hostage.  (Id. at 8.)

The Government contends that evidence of events after the victim was taken hostage is also relevant, including ransom calls made by Defendants which will show that they believed the victim's father was a drug dealer and that they intended to rob him.  As an example, the Government provides a quote from a ransom call placed by Defendant Yonel to the kidnapping victim's father:

> Dred, your friend, the hustler across the street.  That Dred nigga will hustle for you.  Go to that nigga, ask him money, or bring money, that Dred nigga, so you got

>money.  Know what I mean?  Call all your partners that
>selling drugs for you . . . .

However, this last example given by the Government demonstrates precisely Francis' concern in being jointly tried with his Co-Defendants.  In a separate trial of Defendant Francis, the fact that the statement was made as a ransom demand would not be admissible against Francis.

This case is not one where the co-defendant moving to sever is arguing that he is only a minor player in a larger conspiracy and that evidence of the entire conspiracy would be prejudicial to him.  In this case, a joint trial would mean that evidence of an entirely different criminal act, conspiracy to take a hostage, than that with which Francis is charged would be admitted.  And, as Defendant Francis notes, the evidence of this separate crime is of such an "emotional and egregious" nature that a joint trial would be very prejudicial to him.  Aspects of the evidence of the hostage taking may make it difficult for a jury to objectively evaluate the proof against Francis.  Accordingly, the Court GRANTS Francis' Motion to Sever.[2]

---

[2] Defendant Francis has also argued that severance is necessary because his defense conflicts with that of the other Co-Defendants.  Specifically, Francis states that he intends to argue that he was another victim of the kidnappers and thus, his defense is absolutely antagonistic with that of kidnapping defendants.  (Glotzer Aff. ¶ 13.)  However, because the Court has already granted Francis' Motion to Sever on the ground that a joint trial would be prejudicial to him, the Court does not address this argument.

### 2. Defendants Yonel and Brathwaite

Defendants Yonel and Brathwaite moved for severance, citing their rights under the Sixth Amendment's Confrontation Clause. (Order of Aug. 26, 2004 at 16.)  Yonel and Brathwaite argued that severance is necessary because their co-defendants directly implicate them in the alleged kidnapping during videotaped statements to law enforcement officers and any redaction of the videotaped statements is impractical.  In its previous Order, the Court determined that it had "no basis to determine whether any direct assertions of Yonel's or Brathwaite's participation in the conspiracy have been completely eliminated in accordance with Gray, Richardson, and Bruton without a redacted copy of the videotapes."  (Id. at 18.)  The Court reserved judgment on the issue and ordered the Government to redact the tapes and provide copies to the Court.

Mr. Osuna has submitted an affidavit on behalf of Defendant Yonel, listing statements that should have been redacted.  The Court GRANTS Defendant Yonel's request to redact those statements.  Accordingly, Defendants Yonel's and Brathwaite's Motions to Sever are DENIED.

### III. CONCLUSION

For the reasons stated above, Defendant Francis' Motion to

Sever is GRANTED and Defendants Yonel's and Brathwaite's Motions to Sever are DENIED.  A pretrial status conference for Defendants Yonel, Brathwaite, Needham and Odige shall take place on September 26, 2005 at 11:30 AM, and the next status conference for Defendant Francis shall take place on October 3, 2005 at 11:30 AM.  In the interests of justice, time is excluded under the Speedy Trial Act for each of the Defendants until the scheduled date of his or her next pretrial conference.  See 18 U.S.C. § 3161(h)(8).

    SO ORDERED

DATED:    New York, New York
           July 26, 2005

                                        Deborah A. Batts
                                  United States District Judge